PEOPLE *v* HENDERSON

1. CRIMINAL LAW—COMPETENCE—SUA SPONTE INQUIRY.

Trial court's failure to inquire *sua sponte* into the defendant's competence to plead guilty did not constitute reversible error even though 56 days had elapsed between a diagnostic report stating that the defendant was competent to stand trial and the plea proceedings where the defendant, on appeal did not attempt to demonstrate that his condition had deteriorated in the 56 days, the record does not indicate defendant was incompetent to stand trial, and defense counsel, at sentencing, stated that the defendant had been cooperative with counsel and the probation authorities.

2. CRIMINAL LAW — MENTAL COMPETENCE — DIAGNOSTIC REPORT — LAPSE OF TIME — SUA SPONTE COMPETENCE INQUIRY.

A 56-day time lapse between a psychiatric report finding defendant competent to stand trial and his plea of guilty was not, standing alone, a sufficient basis requiring the trial judge *sua sponte* to reopen the question of defendant's competence.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 February 7, 1972, at Detroit. (Docket No. 11630.) Decided March 28, 1972.

Kenneth Henderson was convicted, on his plea of guilty, of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 68 *et seq.*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Maher,* for defendant on appeal.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant, originally charged with armed robbery,[1] pled guilty to an added charge of larceny from the person.[2] Prior to the entry of his plea, defendant, upon motion of his counsel, was ordered committed to a diagnostic facility for the purpose of determining his competency to stand trial.[3] The report submitted by the examining institution concluded that defendant was competent to stand trial, but also recommended that,

"the trial be expedited since a prolonged stay in the jail setting may facilitate decompensation in this defendant".

The court subsequently found defendant competent to stand trial; proceedings culminated with defendant's conviction upon his plea, and his subsequent sentencing.

The only argument raised by defendant on appeal is that the court below erred in not, *sua sponte,* inquiring again into defendant's competency when his plea of guilty was offered. This argument is based on the recommendation of the examining institution, *supra,* and on the fact that defendant was incar-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.529; MSA 28.797.
[2] MCLA 750.357; MSA 28.589.
[3] MCLA 767.27a; MSA 28.966(11); GCR 1963, 786.

cerated for 56 days between the date the report was submitted and the taking of defendant's plea.

We cannot accept this argument. First, defendant, on appeal, does not attempt to demonstrate that his condition deteriorated between his examination and his conviction. Second, after examining the record we find that nothing transpired to indicate defendant was incompetent to stand trial. And, third, at defendant's sentencing, his counsel indicated he had been cooperative both with counsel and the probation authorities.

In circumstances such as this, the trial court should be alert for any sign of deterioration on the part of the defendant. However, from the record before us, we see no indication of any such incident. The fact of the elapse of 56 days standing alone is an insufficient basis on which to require the court to reopen the question of defendant's competency.

Affirmed.